IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

March 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES E. SWIGGETT, | ) | JOHNSON CHANCERY |
| | ) | C. A. NO. 03A01-9709-CH-00430 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. G. RICHARD JOHNSON |
| | ) | CHANCELLOR |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| CARL R. OGLE, JR., and | ) | AFFIRMED AND REMANDED |
| J. MICHAEL KERR, | ) | |
| | ) | |
| Defendants-Appellees | ) | |

JAMES E. SWIGGETT, Appellant, Pro se.

CARL R. OGLE, JR., and J. MICHAEL KERR, Appellees, Pro se.

O P I N I O N

McMurray, J.

This action originated as an action for legal malpractice. The appellant, who is an inmate in a Department of Corrections facility, alleges that he filed a civil rights action, pro se, in the Federal District Court at Greenville against certain officials

of Hawkins County. He further avers that after filing the action, he contracted with the defendant, Ogle, to represent him. Under the terms of the agreement, Ogle accepted employment by the plaintiff whereby it was agreed that Ogle would receive a non-refundable fee of $7,500.00 and $2,500.00 for investigation and preparation of depositions, and that any unused portion of the $2,500.00 would be refunded. The appellant further charges that Ogle failed to do any investigative work or prepare any depositions. He asserts that Ogle, thereby, breached his contract of employment and refused to refund monies owed to the plaintiff.

The plaintiff further claims in his complaint that "in the event the suit was dismissed the full amount of $2,500.00 would be refunded." He further charges that the "defendants/embezzlement of plaintiff's funds ... was the primary factor in the dismissal of plaintiff's lawsuit." He seeks a money judgment and punitive damages against the defendants.

The defendants filed a motion to dismiss pursuant to both Rule 12 and Rule 56, Tennessee Rules of Civil Procedure. In support of their motion, the affidavit of Carl R. Ogle, Jr., was filed. The affidavit is rather lengthy and is attached hereto as an appendix to this opinion. The plaintiff filed a response to the motion to dismiss, however, he failed to present any countervailing evidence, by affidavit or otherwise. The court considered the defendants'

2

motion as a motion for summary judgment and sustained the motion on the grounds that the plaintiff failed to counter Ogle's affidavit as to the standard of requisite care citing <u>Krug v. Ambrose, Wilson, Grimm & Durand</u>, 845 F.Supp 522, affirmed 16 F.3d 1220, certiorari denied 114 S.Ct. 2103, 128 L.Ed.2d 664. The trial court also found that with respect to the claim for the return of monies, the monies were not tendered to the defendant by the plaintiff, but his sister, Pat Lowe, with whom defendant corresponded directly concerning the potential return of those monies not used for expenses. He further found that Pat Lowe was a necessary party to this action and also found that the failure to join a necessary party constituted grounds for dismissal pursuant to Rule 19, Tennessee Rules of Civil Procedure.

The appellant frames his issues for our review as follows:

Whether the Chancery Court in granting summary judgment improperly decided appellant's issue of the defendant's failure to comply with the contractual agreement for attorney services.

Point I

The Chancery Court should not have granted summary judgment because the factual disputes were ignored.

Point II

The Chancery Court should not have granted summary judgment on appellant's failure to counter the defendant's affidavit.

Point III

3

> The Chancery Court should not have granted summary judgment for failure of the appellant to amend [sic] a third party.

Rule 56, Tennessee Rules of Civil Procedure, (at all times material hereto) provided in pertinent part provides as follows:[1]

\*   \*   \*

**56.02. For Defending Party. —** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**56.03. Motion and Proceedings thereon. —** The motion shall be served at least thirty (30) days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  ... .

\*   \*   \*

**56.05.  Form of Affidavits — Further Testimony — Defense Required. —** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported by this rule, an adverse party may not rest upon the mere allegations or denials of the adverse**

---

[1] Rule 56 was amended subsequent to the filing and resolution of the motion for summary judgment in this case.

4

**party's pleadings, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.  ...** (Emphasis added).

**56.06.  When Affidavits Are Unavailable. —** Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions taken or discovery to be had or may make such other order as is just.

Our standard of review in considering the propriety of summary judgment is well-settled:

The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. <u>Cowden v. Sovran Bank/Central South</u>, 816 S.W.2d 741, 744 (Tenn. 1991). Tenn. R. Civ. P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, <u>Byrd v. Hall [v. Hall]</u>, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. <u>Anderson v. Standard Register Co</u>., 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. <u>Downen v. Allstate Ins. Co</u>., 811 S.W.2d 523, 524 (Tenn. 1991).

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. <u>Byrd</u>, 847 S.W.2d at 210-11. Courts should grant a summary

5

judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. Id.

Carvell v. Bottoms, 900 S.W.2d 23 (Tenn. 1995).

Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment . . . shall be entered against him." Rule 56.05. If the motion is denied, the moving party "has simply lost a preliminary skirmish and must proceed to trial." Williamson [Cty. Broadcasting v. W. Cty. Bd. of Ed., 549 S.W.2d 371 Tenn. 1977)] at 372.

Byrd v. Hall, 847 S.W.2d 208 (Tenn. 1993).

In this case, the plaintiff has failed to respond by affidavit or otherwise produce competent evidence to demonstrate that there is a genuine issue of a material fact. Further, he did not take advantage of Rule 56.06 and file an affidavit that he cannot present facts essential to justify the opposition for reasons stated in the affidavit.

While it is the policy of this court to construe pleading, etc., as favorably as possible to a non-lawyer, pro se litigant, we cannot completely ignore prevailing law.

The record reflects that the motion for summary judgment dated March 15, 1996 was filed on March 18, 1996. The motion contains a certificate of service showing that the motion was served on the

6

plaintiff by mail. The certificate is dated March 15, 1996. On April 15, 1996, the plaintiff filed a pleading styled "Motion to Strike the Defendant's Motion to Dismiss." The pleading was not filed under oath and, therefore, cannot be treated as an affidavit in opposition to the defendants' motion for summary judgment. Further pleadings were subsequently filed but are not material to the issues presented on this appeal.

On July 22, 1996, the defendants filed a notice that the motion for summary judgment would be heard on September 3, 1996. The notice contains a certificate of service that a true and exact copy had been served on the plaintiff "by depositing same in the United States Mail, this 18th day of July, 1996." On August 13, 1996, the plaintiff filed an unsworn pleading styled "Rebuttal and Response to Motion to Dismiss." On September 6, 1996, an order was entered sustaining the motion for summary judgment.

On September 30, 1996, the plaintiff filed an unsworn "Motion to Alter or Amend Judgment." Plaintiff filed with the motion a letter from Mr. Ogle to Ms. Pat Lowe, acknowledging receipt of a cashier's check in the amount of $10,000.00. The letter stated "Of this amount, $7,500.00 will be my retainer and it is nonrefundable. The amount of $2,500.00 will be put in an account to be used for expenses in preparation for the case. ..." An affidavit of

7

Patricia S. Lowe was also filed which stated, among other things, the following:

* * *

2. I do not personally have any knowledge of the law and do not and have not been a party to this lawsuit.

3. The money that was sent to Mr. Ogle to retain him for this case was a gift to my brother (James E. Swiggett) and any monies due for refund or settlement should be directed to James E. Swiggett.

4. I do not wish to be contacted by Mr. Ogles' office in reference to this case or for any other reason.

On May 12, 1997, the court entered an order overruling the motion to alter or amend the judgment, stating that there is no basis in law or fact for the relief requested. We concur with the result reached by the trial court.

In sum and substance, the affidavit of the defendant, Ogle, standing unrebutted, constitutes grounds for a summary judgment as a matter of law. No countervailing evidence or any reason has been advanced by the plaintiff which would prevent the entry of a summary judgment against him. Assuming that the plaintiff's sister, Patricia S. Lowe, was not a necessary party, the result would be the same. Therefore, we concur with the result reached by the trial court.

8

The appellant has filed motions in this court asking that we consider post-judgment facts. We have reviewed the post-judgment facts which the plaintiff has proposed for our consideration. Even if we were to consent to consider the post-judgment facts, nothing is presented which would alter the opinion in this case. Accordingly we decline to formally consider the post-judgment facts.

We affirm the judgment of the trial court. Costs of this appeal are assessed against the appellant and this case is remanded to the trial court.

 

 

_____
Don T. McMurray, Judge


CONCUR:

_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Judge

APPENDIX

<u>IN THE CHANCERY COURT FOR JOHNSON COUNTY, TENNESSEE</u>

JAMES E. SWIGGETT,

      Plaintiff,

v.                            No. 4702

CARL R. OGLE, JR.,
and J. MICHAEL KERR,

      Defendants.

**<u>AFFIDAVIT OF CARL R. OGLE, JR.</u>**

Comes now the Affiant, Carl R. Ogle, Jr., and after having first been duly sworn according to law, makes the following oath:

1.    I, Carl R. Ogle, Jr., am a citizen and resident of Jefferson County, Tennessee. I have personal knowledge of the information contained herein. I obtained my law degree from the University of Tennessee School of Law in 1975, and was admitted to the Tennessee Bar that same year. I have been licensed and practicing law in Jefferson County, Tennessee for over twenty years. I am in the general practice of law with a concentration in civil and criminal litigation. I am licensed to practice in all courts of Tennessee, the United States District Court for the Eastern District, the United States Court of Appeals for the Sixth Circuit, and the United States Supreme Court. I am familiar with the standards of care, conduct, and competency required of attorneys in Tennessee and the United States Federal Court system.

2.    Mr. James Swiggett corresponded with me several times in late 1992, beginning on or about September 2, 1992. Mr. Swiggett was seeking an attorney to represent him in a civil rights complaint that he had filed in the United States District Court for the Eastern District of Tennessee against officials of Hawkins County and Greene County, Tennessee. On November 17, 1992, I

10

informed Mr. Swiggett that I did not have enough information on which to make a decision as to whether or not I could represent him. He provided me with the complaint and some other documents, and I informed him by letter of January 8, 1993, that I could not see my way clear to be involved in his lawsuit because of time restraints. I further informed him that should he be able to obtain a continuance of his trial date, and wanted me to represent him, that I would require a sizable retainer. Mr. Swiggett was persistent in wanting me to represent him, and persuaded his sister, Pat Lowe, to pay our fee of $7,500.00, and a further amount of $2,500.00 to be used for expenses in preparation of the case. I acknowledged receiving the $10,000.00 to Ms. Pat Lowe on March 2, 1993. At that time, Ms. Lowe lived in Maryville, Tennessee. I then represented Mr. Swiggett in the United States District Court and the Sixth Circuit Court of Appeals, and until he decided on March 22, 1995, that he did not wish to file a writ of certiorari to the United States Supreme Court. Mr. Swiggett's case against all defendants was dismissed by Order of the United States District Judge, Thomas G. Hall [sic] on October 7, 1993, by grant of summary judgment as to all defendants. The motions for summary judgment were granted in part because of Mr. Swiggett's deposition, which was taken prior to my representing him. In that deposition, he made several admissions which the court relied upon in granting summary judgment. One cause of action was dismissed because of the statute of limitations. On behalf of Mr. Swiggett, we appealed to the United States Sixth Circuit Court of Appeals, and the judgment of the United States District Court was upheld on February 24, 1995.

3. During the entire prosecution of this case, at both the trial court and appellate court level, Mr. Swiggett was an active and interested participant. He was kept fully informed at all stages of the proceedings through written correspondence and extensive telephone conversations, primarily with Mr. Kerr. Mr Swiggett was assisted by a legal aid or "jailhouse lawyer" during

11

these proceedings, and frequently offered suggestions and input into his case. Mr. Swiggett did not appear to be dissatisfied with the legal representation he was receiving until the trial court granted summary judgment. Even then, he expressed satisfaction with the preparation and briefing of his appeal. Again, he provided input and suggestions in the appeal process after consultation with his legal aid at the prison. His complaints about his representation arose only when the United States Court of Appeals for the Sixth Circuit confirmed the judgment of the District Court.

4. Mr. Swiggett's main concern seemed to be that we had not filed for summary judgment on his behalf. This would have been a useless pleading under the facts of his case.

5. Mr. Swiggett's complaint to me, prior to the filing of his complaint in the Chancery Court of Johnson County, was that he wanted a refund of his retainer and expense money. It was clearly explained to Mr. Swiggett and confirmed by his sister, Pat Lowe, who paid the retainer and expense money, that the $7,500.00 retainer would be nonrefundable.

6. Mr. Swiggett has also demanded return of any unused portion of the $2,500.00 paid by his sister for expenses. A good portion of this money was used for expenses, which included printing and copying costs, telephone bills, and transportation to Cincinnati, Ohio, to argue before the United States Sixth Circuit Court of Appeals. Any unused portion remains in my Trust Account and it is my opinion that the refund of this money would be due to Ms. Pat Lowe, who advanced the money. Ms. Lowe had made no demand for the money. It is my understanding that she no longer lives in Tennessee, and I am unaware of her current address. Mr. Swiggett has not provided me with her whereabouts. If he does so, or if she contacts me, I will be glad to refund any amounts due to her.

7. I have reviewed the file in this case, and it is my professional opinion that I represented Mr. Swiggett throughout the case in a competent matter, [sic] and certainly within the

12

standards of care, competency, and conduct expected of attorneys in Tennessee. The same is true for J. Michael Kerr, my associate and employee.

FURTHER AFFIANT SAITH NOT.

/S/ Carl R. Ogle, Jr.
CARL R. OGLE, JR.

STATE OF TENNESSEE

COUNTY OF JEFFERSON

Sworn to and subscribed before me this 15th day of March 1996.

/s/ Kasey Chesney
NOTARY PUBLIC

My Commission Expires ____1/18/2000____

13

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE


JAMES E. SWIGGETT,               )  JOHNSON CHANCERY
                                 )  C. A. NO. 03A01-9709-CH-00430
          Plaintiff-Appellant   )
                                 )
                                 )
                                 )
                                 )
                                 )
vs.                              )  HON. G. RICHARD JOHNSON
                                 )  CHANCELLOR
                                 )
                                 )
                                 )
                                 )
                                 )
CARL R. OGLE, JR., and           )  AFFIRMED AND REMANDED
J. MICHAEL KERR,                 )
                                 )
          Defendants-Appellees   )


**JUDGMENT**


        This appeal came on to be heard upon the record from the Chancery Court of Johnson County, and briefs filed on behalf of the respective parties.  Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

        We affirm the judgment of the trial court.  Costs of this appeal are assessed against the appellant and this case is remanded to the trial court.


                                   PER CURIAM